IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremy Keith Kitchens, ) | |
| ) | C/A No. 8:16-0395-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Pickens County Council, Sheriff Rick ) | |
| Clark, Capt. Nix, Lt. Kristy Leopard, ) | **O R D E R** |
| Sgt. Visage, Sgt. Tomberlin, Deputy ) | |
| Spike Evans, Officer K. Nowaczcki, ) | |
| Sgt. S. Callahan, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying events, Plaintiff Jeremy Keith Kitchens was a pretrial detainee at the Pickens County Detention Center in Pickens, South Carolina. On February 5, 2016, Plaintiff, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983, alleging he was subjected to unconstitutional conditions of confinement. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling.

On July 21, 2016, Defendants filed a motion for summary judgment. On July 21, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed no response. On August 31, 2016, the Magistrate Judge issued an order informing Plaintiff that he had until September 20, 2016, to respond to Defendant's motion, or the action would be subject to dismissal for failure to prosecute. See Fed. R. Civ. P. 41(b). On September 20, 2016, Plaintiff filed a motion to extend time to respond to Defendant's motion. The Magistrate Judge granted Plaintiff's motion and gave Plaintiff until October 31, 2016, to file his response. Plaintiff elected not to

respond.

On November 4, 2016, the Magistrate Judge issued a Report and Recommendation in which she recommended that the case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The within action is dismissed without prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 6, 2016